# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

United States of America, )
        Plaintiff, )
vs. )
Gilbert Davila, Jr., )
        Defendant. )

Case No. 2:18-cr-062-JCM-NJK

**Findings of Fact and Conclusions of Law Pursuant to Federal Rule of Criminal Procedure 23**

### Findings of Fact

1. I find the testimony of Scott Miller to be credible.

2. On or about August 26, 2017, the National Center for Missing and Exploited Children (NCMEC) received a report from Google, Inc. in reference to a possible transmission of child pornography. Google, Inc. reported the user uploaded one image of child sexual exploitation. Google, Inc. provided the following information regarding the user:

> Email Address: Ricalivad66@gmail.com
> Name: Ric Alivad
> Phone: +17029360135 (Mobile)

Uploading IP Address: 2600:8801:2187:4b00:e002:8dc:b9f6:8d9e
Date of Incident: August 24, 2017, at 16:31:33 UTC

3. This incident was documented under NCMEC CyberTip #23619360 and forwarded on September 5, 2017, to the Las Vegas Metropolitan Police Department for follow up investigation. Internet Crimes Against Children (ICAC) Task Force Officer (TFO) Scott Miller viewed the one uploaded image:

> File Name: 1503580858295858544180.jpg
> SHA1: VLSSQOMHR3M5GOFP6UD3YQTUXHBEJC3M
> Image Description: This image depicts a nude pre-pubescent female child, approximately 5 to 7 years of age, leaning back in a body of water. The child is smiling and exposing her bare breasts and vagina. The child has a diminutive stature and lacks fatty deposits, breast development, and pubic hair development.

4. On or about October 31, 2017, NCMEC received a report from Google, Inc. in reference to a possible transmission of child pornography. Google, Inc. reported the user uploaded one image of child sexual exploitation. Google, Inc. provided the following information regarding the user:

> Email Address: Ricalivad66@gmail.com
> Name: Ric Alivad
> Phone: +17029360135 (Mobile)
> Uploading IP Address: 2600:8801:2187:4b00:18d9:12a2:c7e2:a5d2
> Date of Incident: October 19, 2017, at 01:48:01 UTC

5. This report was documented under NCMEC CyberTip #25229442 and forwarded on November 11, 2017 to the Las Vegas Metropolitan Police Department for follow up investigation. TFO Miller viewed the one uploaded image:

> File Name: 1508374151658210462482.jpg
> SHA1: 7FYYTQZW434GMALRINFVEXMES4BJ2IMB
> Image Description: This image depicts a nude pre-pubescent female child, approximately 6 to 9 years of age, standing in a room. The child is covering her eyes with her hands and seen wearing bright lipstick. The child is exposing her bare vagina and has her bare breasts partially covered by her long brown hair. The child is smiling and exposing her bare breasts and vagina. Another nude female is seen

behind her, exposing her breasts and looking up at the child. The child has a diminutive stature and lacks fatty deposits, breast development, and pubic hair development.

6. On November 21, 2017, TFO Miller served a search warrant on Google, Inc. referencing email address: ricalivad66@gmail.com, for further evidence of child pornography and any subscriber information related to the email account.

7. On January 02, 2018, Google, Inc. responded to the search warrant. TFO Miller viewed the return from Google, Inc. and discovered an additional 600+ images of child sexual exploitation and child sexual abuse material, which had been uploaded and were all child pornographic in nature. There were also hundreds more images of child exploitative/age difficult images recovered. Images of Gilbert Davila, Jr. were also recovered, along with images of his Ford Flex vehicle that is registered to him. TFO Miller viewed the 600+ uploaded images and deemed all 600+ images to be child pornographic in nature.

   a. I have viewed three of these images of child pornography. Each of these images depicts a minor under the age of eight years old engaged in sexually explicit conduct.
      i. One image depicts a completely nude female child under the age of 12 bound with yellow ropes. This is a known, identified victim. This photograph was produced outside the State of Nevada.
      ii. Two images depict female toddlers nude from the waist down, both under the age of 3. One of the images depicts a phallic object inserted into the child's vagina. This child has a pacifier in her mouth. The other image depicts an adult finger inserted into the female child's vagina.
   b. The final image I viewed is a screenshot of the partial search warrant return that shows additional images of fully nude female children under the age of 12 years old. The focus of the images is the vaginas of these nude girls. The images, their setting, and the poses of the girls are sexually inviting and suggestive. The girls are displayed in unnatural poses and are completely nude. These images appear to convey sexual coyness or an apparent willingness to engage in sexual activity. These images were produced for no other purpose than to elicit a sexual response in the viewer.

8. These multiple Cybertips and the Google search warrant return show that Gilbert Davila, Jr. had been collecting child pornography for lengthy period of time.
9. On February 13, 2018, law enforcement executed a search warrant at Gilbert Davila, Jr.'s home. No occupants were located inside residence. Gilbert Davila, Jr. was contacted via a phone call to his listed phone number and informed that a search warrant was being served at his residence and that he needed to return home. Gilbert Davila, Jr. stated he would leave work and come to his residence, but never arrived. TFO Miller left a business card on his door, asking Gilbert Davila, Jr. to contact TFO Miller as soon as possible.
10. Later the same day, Gilbert Davila, Jr. called TFO Miller and apologized for not showing up at the residence, stating he was just scared and did not know what to do. Gilbert Davila, Jr. then agreed to be voluntarily interviewed and stated he would drive to TFO Miller's office.
11. Gilbert Davila, Jr. was interviewed at the ICAC Task Force Office. Gilbert Davila, Jr. was provided his *Miranda* Rights. He waived his rights to speak with TFO Miller. In relevant part, Gilbert Davila, Jr. admitted ricalivad66@gmail.com was his personal email address. When TFO Miller explained the nature of the search warrant, Gilbert Davila, Jr. confessed that he had a problem and that he had been looking at child pornography for approximately four to five years. Gilbert Davila, Jr. admitted that therapy classes piqued his curiosity in child pornography. Gilbert Davila, Jr. stated he then began searching for child pornography using search terms like "Lolita," would save some of it to his phone for later use and other times just try and masturbate to the child pornography. Gilbert Davila, Jr. stated that his wife caught him several times viewing child pornography and would tell him to stop or

she would call the police. Gilbert Davila, Jr. stated the last time he viewed child pornography was about one week ago. Gilbert Davila, Jr. stated he mostly looked at girls over eight years old, but admitted that he may have looked at younger children.

12. Gilbert Davila, Jr. stated he would view child pornography on his phone, which was identified as a Black LG cell phone, model # LS777, s/n: 711VTWP0734265. When Gilbert Davila, Jr. was asked where his phone was, he stated he was scared when he was called to come home when search warrant was being served on his residence, as he knew he had numerous images/videos of child pornography saved to his phone. Gilbert Davila, Jr. stated he then intentionally tried to perform a factory reset on his phone, in an attempt to delete all evidence, but that he did not believe it worked as he was driving and could not get an internet connection. Gilbert Davila, Jr. stated he then removed the back cover, phone battery, and the sim/SD card, and threw said items out of the vehicle window, in a further attempt to destroy any evidence of child pornography being on his cell phone. TFO Miller then asked Gilbert Davila, Jr. where the rest of his phone was and he stated his wife probably had it on her or in the vehicle they arrived in and that she was waiting for him in the lobby. TFO Miller then seized the phone from Gilbert Davila, Jr.'s wife to preserve any potential evidence of child pornography.

13. Later forensic review of the phone determined that Gilbert Davila, Jr. was successful in deleting all evidence by performing a factory reset on his phone on which he confessed to having child pornography stored.

Conclusions of Law

1. In the case of *United States v. Gilbert Davila, Jr.*, No. 2:18-cr-062-JCM-NJK, I find the defendant Gilbert Davila, Jr. **GUILTY** of Possession of Child Pornography as charged in the criminal indictment.

2. I find the United States has proven beyond a reasonable doubt that:

    a. Gilbert Davila, Jr. knowingly possessed images, videos, and matters that he knew contained visual depictions of minors engaged in sexually explicit conduct and child pornography as defined in 18 U.S.C. § 2256(8);

    b. Gilbert Davila, Jr. knew the visual depictions contained in the images, videos, and matters was of minors engaged in sexually explicit conduct and child pornography as defined in 18 U.S.C. § 2256(8);

    c. Gilbert Davila, Jr. knew that production of such the visual depictions involved use of a minor in sexually explicit conduct; and

    d. That the visual depictions had been mailed and transported in interstate or foreign commerce by any means, including by computer.

Forfeiture

1. The government provided the proper and correct notice of forfeiture to Gilbert Davila, Jr., (Davila) in the indictment (ECF No. 11) regarding the Black LG cell phone, model # LS777, s/n: 711VTWP0734265 (property). Fed. R. Crim. P. 32.2(a); *United States v. Lo*, 839 F.3d 777, 791 (9th Cir. 2016), *cert. denied*, 136 S. Ct. 354 (2017).

2. "As soon as practical after a verdict or finding of guilty ... on any count in an indictment … regarding which criminal forfeiture is sought," this Court "must determine what property is subject to forfeiture under the applicable statute. If

the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A) (ellipses added); *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011), *cert. denied*, 566 U.S. 915 (2012), *abrogated on other grounds by Honeycutt v. United States*, 137 S. Ct. 1626, 1632 and 1635 (2017).

3. Preponderance of the evidence is the forfeiture standard. Preponderance of the evidence means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in this Court's mind belief that the property is subject to forfeiture under the applicable laws, or in other words, it is more likely than not that the property is forfeitable. *United States v. Mancuso*, 718 F.3d 780, 799 (9th Cir. 2013); *United States v. Phillips*, 704 F.3d 754, 770 n.14 (9th Cir. 2012); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1577 (9th Cir.1989), *cert. denied*, 497 U.S. 1003 (1990).

4. Requisite nexus is a connection between the property and the offense to which the defendant was convicted. Fed. R. Crim. P. 32.2(b)(1)(A); *Mancuso*, 718 F.3d 780 at 799.

5. This Court's "determination may be based on evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B) (ellipsis added). Since forfeiture is part of sentencing, relevant and reliable hearsay can be considered in determining the requisite nexus by preponderance of the evidence. Fed. R. Crim. P. 32.2(b)(1)(B); *Libretti v. United*

*States*, 516 U.S. 29, 41 (1995); U.S.S.G. 6A1.3(a); *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995); *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.), *amended*, 992 F.2d 1015 (9th Cir. 1993).

6. The government contends the above-named property is forfeitable by Davila under 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

7. The forfeiture statute states:

> A person who is convicted of an offense under this chapter involving a visual depiction described in [18 U.S.C. § 2252A] shall forfeit to the United States such person's interest in—
> (1) any visual depiction described in [18 U.S.C. § 2252A(a)(5)(B)], or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
> … and
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.
>
> (b) Section 413 of the Controlled Substances Act (21 U.S.C. 853) with the exception of subsections (a) and (d), applies to the criminal forfeiture of property pursuant to subsection (a).

8. Property is forfeitable if it was "used" or "intended to be used" to commit, or to facilitate the commission of a criminal offense. The ordinary meaning of use is to convert to one's service, to employ, to avail oneself of, and to carry out a purpose or action by means of. The context in which "used" appears in § 2253(a)(3) suggests no different meaning. *United States v. Hull*, 606 F.3d 524, 527-28 (8th Cir. 2010); *United States v. Littlefield*, 821 F.2d 1365, 1367 (9th Cir. 1987) (ellipsis added) ("By specifying that property is subject to forfeiture if it was used … to commit or facilitate a [crime], Congress plainly provided for

forfeiture of the property even where only a portion of it was used for the prohibited purposes.").

9.  Property is forfeitable as "facilitating" property if it makes the underlying criminal activity less difficult or more free from obstruction or hindrance. In other words, if it makes the underlying criminal activity easier to commit or harder to detect. To be forfeitable, the property need not be used exclusively for illegal activity; property that is used the vast majority of the time for legitimate purposes may nevertheless be forfeited if it facilitates a criminal offense. If a portion of the property is used to facilitate the offense, then all of the property is subject to forfeiture. Facilitation of even a single felony offense is sufficient to justify forfeiture. *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990).

10. The law provides that when, as here, Davila is convicted of violating certain criminal statutes, he is required to forfeit to the United States any visual depiction or any matter which contains any depiction which violates 18 U.S.C. § 2252A under 18 U.S.C. § 2253(a)(1) and any property traceable to, used, or intended to be used to commit or to promote the commission of the violations under 18 U.S.C. § 2253(a)(3).

11. Forfeit means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses or in other words "divestiture of property without compensation" pursuant to the law. *United States v. Davis*, 706 F.3d 1081, 1085 (9th Cir. 2013) (concurring opinion) (citation omitted).

12. The purpose of forfeiture in this case is to ensure that all visual depictions of child pornography and the property used to commit, to promote, or to

facilitate the commission of the crime are destroyed. 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

13. In order for the government to establish the requisite nexus by a preponderance of the evidence that the property is forfeitable under 18 U.S.C. § 2253(a)(1) under the Forfeiture Allegation, the government must prove that it is more likely than not that the property is any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Possession of Child Pornography. 18 U.S.C. § 2253(a)(1).

14. In order for the government to establish the requisite nexus by a preponderance of the evidence that the property is forfeitable under 18 U.S.C. § 2253(a)(3) under the Forfeiture Allegation, the government must prove that it is more likely than not that the property is any property, real or personal, used or intended to be used to commit or to promote the commission of a violation of Possession of Child Pornography or any property traceable to such property. 18 U.S.C. § 2253(a)(3).

15. This Court finds Gilbert Davila, Jr., was found guilty of Count One of a One-Count Criminal Indictment charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Criminal Indictment, ECF No. 11; Minutes of Trial, ECF No. 47; Verdict, ECF No. 50.

16. This Court finds the government established by preponderance of the evidence the requisite nexus between the above-named property and the offense to

which Davila was convicted are forfeitable under both 18 U.S.C. § 2253(a)(1) and 2253(a)(3). Fed. R. Crim. P. 32.2(b)(1)(A).

17. This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Criminal Indictment and the offense to which Gilbert Davila, Jr., was found guilty. Criminal Indictment, ECF No. 11; Minutes of Trial, ECF No. 47; Verdict, ECF No. 50.

18. This Court finds the following property is (1) any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A(a)(5)(B) and (2) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(5)(B) or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1) and 2253(a)(3): Black LG cell phone, model # LS777, s/n: 711VTWP0734265.

19. This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

20. This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

21. To the extent any Finding of Fact should be properly designated a Conclusion of Law, it shall be deemed a Conclusion of Law. To the extent any Conclusion of Law should be properly designated a Finding of Fact, it shall be deemed a Finding of Fact.

DATED this 11th day of April, 2019

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE