**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00062-JCM-NJK |
| Plaintiff, | **ORDER** |
| v. | (Docket No. 89) |
| GILBERT DAVILA, JR., | |
| Defendant. | |

Pending before the Court is Defendant Gilbert Davila, Jr.'s motion to seal.  Docket No. 89. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 89, 91, 92.

Defendant asks the Court to seal the instant case and all filings because the crime for which he was convicted relates to child pornography.  Docket No. 89 at 2.  Defendant submits that he is currently incarcerated in F.C.I. Fairton and that his entire criminal case is available for viewing to all inmates on the law library computer system.  *Id*.  Defendant further submits that the fact that other inmates can see the details of his case, places him "at risk of serious injury, harm, or death, if viewed by inmates who have no regard for human life."  *Id*.  Defendant therefore asks the Court to seal the instant case so that it may not be viewed either on PACER or the law library computer system.  *Id*.

In response, the United States submits that Defendant "offers no reason to rebut the strong presumption in favor of access to judicial records."  Docket No. 91 at 1.  The United States submits that the public has both a First Amendment and common law right of access to criminal proceedings, including the instant case.  *Id*. at 2.  Further, the United States submits that the Court, in recognizing these rights, overruled Defendant's request to seal the courtroom during proceedings related to the case.  *Id*.  On appeal, the United States submits, Defendant filed the trial

1  transcript of the instant case with the Ninth Circuit.[1]  *Id.*  The United States further submits that,

2  once information has been presented in open court, it is public and, therefore, sealing is not

3  appropriate.  *Id.*  Therefore, the United States asks the Court to deny Defendant's motion.  *Id.*

4  In reply, Defendant submits that, although he fails to overcome the public's right to access,

5  the United States fails to recognize the threat to his safety if the instant case remains publicly

6  available.  Docket No. 92 at 1.  Defendant submits that, while he was in pretrial custody, inmates

7  who were also in custody in the same facility became aware of his charges and harassed and

8  threatened him.  *Id.* at 2.  Defendant submits that, in his current facility, he has been labeled a

9  "cho-mo" due to the charges on which he was convicted, which has caused him to become a target

10  of the other inmates.  *Id.* at 2-3.  Finally, Defendant submits that his wife's brother-in-law has been

11  able to access the instant case online and has used it to harass Defendant's wife.  *Id.* at 3.  Therefore,

12  Defendant asks the Court to seal the instant case.  *Id.* at 4.

13  Defendant's request to seal the courtroom during criminal proceedings related to the instant

14  case has already been denied.  Therefore, much of the information related to this case is already

15  public, including the transcripts of the trial that Defendant filed in support of his appeal.  Further,

16  the Court finds that Defendant has failed to rebut the strong presumption of public access.

17  Accordingly, the Court **DENIES** Defendant's motion to seal.[2]  Docket No. 89.

18  IT IS SO ORDERED.

19  DATED: December 9, 2020.

20

21

22  NANCY J. KOPPE
    UNITED STATES MAGISTRATE JUDGE
23

24

25  [1]  Presumably, the United States intends the Court to glean from its bare statement that
    Defendant filed the transcript on the public docket; however, the United States fails to make this
26  specification.

27  [2]  Defendant's failure to file points and authorities in his motion constitutes a consent to
    denying the motion.  LCR 47-3.  Nonetheless, the Court considered, and ruled on, the instant
28  motion on its merits.