1

2

3

4 UNITED STATES DISTRICT COURT

5 DISTRICT OF NEVADA

6 * * *

7 UNITED STATES OF AMERICA,                    Case No. 2:18-CR-62 JCM (NJK)

8                          Plaintiff(s),                    ORDER

9        v.

10 GILBERT DAVILA,

11                          Defendant(s).

12

13        Presently before the court is petitioner Gilbert Davila's motion pursuant to 28 U.S.C.

14 § 2255 to vacate, set aside, or correct sentence.  (ECF No. 94).  The United States of America

15 ("the government") filed a response (ECF No. 96).  Petitioner did not file a reply, and the time to

16 do so has now passed.

17 I.    Background

18        Petitioner is currently incarcerated for possession of child pornography.  In August and

19 October 2017, detectives received reports of transmissions of child sex abuse material over

20 Google servers.  *See, e.g.*, (ECF No. 51).  The IP address and other identifying information

21 attached to the images were associated with petitioner.  (*Id.*)  LVMPD detectives served a search

22 warrant on Google, which responded with over 650 images of child sex abuse that had been

23 uploaded by an email address belonging to petitioner.  (*Id.*)  The account also featured photos of

24 petitioner and his vehicle.  (*Id.*)

25        In February 2018, a search warrant was served on petitioner's residence.  (*Id.*)  Detective

26 Scott Miller, who had been investigating the images since receiving the first report, met with

27 petitioner later that same day, and told him he would not be arrested that day.  (*Id.*)  Petitioner

28 gave a post-*Miranda* voluntary statement explaining he owned the email address that uploaded

James C. Mahan
U.S. District Judge

1   the images to Google's servers, he had been looking at child pornography for several years, and

2   he had done so recently.  (*Id.*)  He also admitted to destroying his cell phone to hide evidence of

3   his crime.  (*Id.*)

4        Petitioner was arrested and proceeded to a bench trial in April 2019.  (ECF No. 47).  This

5   court found petitioner guilty after the single day of trial.  (*Id.*; ECF Nos. 50; 51).  In October

6   2019, this court sentenced petitioner to twenty years in custody and lifetime supervised release

7   for possession of child pornography.  (ECF Nos. 66; 73).  Petitioner appealed his sentence, and

8   the Ninth Circuit affirmed this court's judgment.  (ECF No. 85).  Petitioner now moves to vacate

9   his sentence under 28 U.S.C. § 2255.  (ECF No. 94).

10  **II.    Legal Standard**

11       Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the

12  court imposed the sentence "in violation of the Constitution or laws of the United States . . . ."

13  28 U.S.C. § 2255(a).  Section 2255 relief should be granted only where "a fundamental defect"

14  caused "a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 345 (1974);

15  *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

16       Limitations on § 2255 motions are based on the fact that the movant "already has had a

17  fair opportunity to present his federal claims to a federal forum," whether or not he took

18  advantage of the opportunity.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  Section 2255

19  "is not designed to provide criminal defendants multiple opportunities to challenge their

20  sentence."  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

21       "When a defendant has raised a claim and has been given a full and fair opportunity to

22  litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."

23  *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).  Further, "[i]f a criminal defendant

24  could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant

25  is in procedural default.  *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S.

26  614, 622 (1998).

27       Defendants who fail to raise an issue on direct appeal may later challenge the issue under

28  § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting

James C. Mahan
U.S. District Judge

- 2 -

from it.  *See Bousley*, 523 U.S. at 622.  The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors.  *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Ineffective-assistance-of-counsel claims are an exception to procedural default since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also Schlesinger*, 49 F.3d at 509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

**III.   Discussion**

As an initial matter, because petitioner is filing *pro se*, the court will liberally construe his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)).

On the other hand, this court "lacks the power to act as a party's lawyer, even for pro se litigants."  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).  Further, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law."  *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel.").

Petitioner presents four grounds for vacatur of his sentence: two ineffective assistance of counsel claims, a claim that the charging statute is unconstitutional, and a what is essentially an argument that the interview upon which the government relied as a confession was inadmissible. (ECF No. 94).  While petitioner does not specifically assert his last two claims as ineffective assistance of counsel claims, he posits that each was omitted because "counsel was unaware of this issue" and counsel "didn't wanted [sic] to" raise the argument, respectively.  (*Id.* at 7–8). The court will thus construe them as ineffective assistance claims to avoid procedural default.

**James C. Mahan**
**U.S. District Judge**

The purpose of the effective assistance guarantee is "to ensure that criminal petitioners receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that her counsel's performance was deficient and that she was prejudiced by that deficiency. *Id.* at 687.

"First, the defendant must show that counsel's performance was deficient." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

For reasons that the court will address in turn, none of petitioner's arguments are persuasive, and the court DENIES his motion.

A. *Sufficiency of the Indictment*

Liberally construing petitioner's first claim for relief, he asserts that his trial counsel was ineffective in failing to challenge the sufficiency of the indictment. (ECF 94 at 4). As petitioner claims, his "consent was ineffective for allowing him to be charged based upon the language (nature) of the statute without providing proof an offense actually occurred (cause)." (*Id.*)

This appears to the court to be a repackaging of petitioner's trial argument that because there is no physical evidence of the crime (such as a cell phone containing child pornography),

James C. Mahan
U.S. District Judge

1 there is no ground to charge petitioner. *See* (ECF No. 82 at 62–63). However, even construing

2 this as a new argument regarding the sufficiency of the indictment's language, it nevertheless

3 fails.

4    When an indictment "tracks the words of the statute charging the offense," that

5 indictment is sufficient "so long as the words unambiguously set forth all elements necessary to

6 constitute the offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (citations

7 omitted). Here, the indictment tracks the statute nearly word-for-word. *Compare* (ECF No. 11)

8 (the indictment) *with* 18 U.S.C. § 2252A(a)(5)(B) (the charging statute).

9    The only differences in the two are (1) the inclusion of a prefatory phrase in the

10 indictment identifying this specific defendant, (2) the insertion of "as defined in Title 18, United

11 States Code, Section 2256(8)" to clarify the definition of "child pornography," (3) and the

12 omission of the alternative, unnecessary element "of knowingly access with intent to view" from

13 the indictment. Otherwise, both the statute and the indictment are identical.

14    Thus, this argument fails even if liberally construed. The indictment contains each

15 element of the offense, states the correct mens rea, and specifically accuses petitioner. This

16 argument would have been equally unmeritorious at trial, and thus counsel was not ineffective

17 for failing to raise a meritless argument. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

18    *B.  This Court's Jurisdiction*

19    Petitioner also claims that his counsel was ineffective in that he failed to challenge this

20 court's jurisdiction. (ECF No. 94 at 5). As petitioner argues, because there was no "cause,"[1] this

21 court had no ground for jurisdiction. (*Id.*) It appears that petitioner posits that because there was

22 no physical evidence of the child pornography he was convicted of possessing, there was no

23 violation of federal law, and thus no way for this court to exercise jurisdiction over him.

24    "The district courts of the United States have original jurisdiction, exclusive of the courts

25 of the States, of all offense against the laws of the United States." 18 U.S.C. § 3231. If a federal

26 grand jury returns an indictment charging a defendant with a violation of federal law 18 U.S.C. §

27

28    [1] Petitioner previously defines "cause" as "proof that an offense actually occurred." (ECF No. 94 at 4).

**James C. Mahan**
**U.S. District Judge**

3231 grants federal district courts exclusive jurisdiction to hear the case and impose sentence. *United States v. Longoria*, 259 F.3d 363, 365 (5th Cir. 2001).

Here, the grand jury returned a one-count indictment charging him with a violation of 18 U.S.C. § 2252A(a)(5)(B).  (ECF No. 11).  That is the end of this court's jurisdictional inquiry.  That grand jury indictment, which clearly charges a violation of federal law, empowers this court to hear the case and impose sentence.  *See Longoria*, 259 F.3d at 365.  Once again, because this argument is unmeritorious, petitioner's trial counsel was not ineffective for failing to raise it.  *See James*, 24 F.3d at 27.

### C.  The Charging Statute

Petitioner also claims his counsel was ineffective for failing to argue that the statute at issue was unconstitutional.  (ECF No. 94 at 7).  According to petitioner, because 18 U.S.C. 2252A *et seq.* does not criminalize the production of child pornography, it cannot constitutionally criminalize the possession of child pornography.

First, federal law does criminalize the production of child pornography—in two separate sections.  *See* 18 U.S.C. §§ 2251(a), 2256(3).  Nevertheless, petitioner seems to assert that "Section 2252A is part of a comprehensive regulatory scheme" meant to occupy the field in terms of criminalizing child pornography-related offenses.  (*Id.*)  Thus, unless production is also criminalized in that specific section, § 2252A cannot punish possession alone.

The court understands this argument as an indirect attempt to invoke the *expressio unius* canon of statutory interpretation.  Plaintiff is correct that § 2252A, on its face, does not criminalize the production of child pornography.  But it does not follow that the exclusion of that crime from this specific statutory subsection necessarily excludes any others.

The Ninth Circuit has repeatedly found criminalizing possession of child pornography, even wholly intrastate, constitutionally permissible.  *See United States v. Laursen*, 847 F.3d 1026, 1035 (9th Cir. 2017); *United States v. Sullivan*, 767 F.3d 623, 632 (9th Cir. 2015); *United States v. Gallenardo*, 579 F.3d 1076, 1081 (9th Cir. 2009).  The Eleventh Circuit has put it another way: the legislation that originally codified § 2252A "is part of a comprehensive regulatory scheme criminalizing the receipt, distribution, sale, production, possession,

1  solicitation and advertisement of child pornography, *see* 18 U.S.C. §§ 2251–52A." *United States*
2  *v. Maxwell*, 446 F.3d 1210, 1216–17 (11th Cir. 2006).

3      Petitioner correctly asserts that there is a comprehensive scheme "aimed at the
4  eradication of child pornography." (ECF No. 94).  His error is that scheme includes statutory
5  sections beyond § 2252A.  "Congress, thorough its comprehensive regulation, *of which 18*
6  *U.S.C. § 2252A is a part*, has attempted to eliminate the entire market for child pornography."
7  *Maxwell*, 446 F.3d at 1217 (emphasis added).  When multiple statutes deal with a single subject,
8  like the prohibition on child pornography, the canon of *in pari materia* dictates that they be read
9  as a whole.  *See United States v. Howard*, 968 F.3d 717, 722 (7th Cir. 2020) (applying *in pari*
10 *materia* to 18 U.S.C. § 2251–2252 *et seq.*).

11     So, even though 18 U.S.C. § 2252A itself does not criminalize the production of child
12 pornography, neighboring statutory sections that must be read in conjunction with § 2252A do.
13 Petitioner's proposed construction myopically restricts Congress's regulatory scheme.  The fact
14 that 18 U.S.C. § 2252A does not criminalize the production of child pornography has no bearing
15 on the constitutionality of its prohibition of the possession of child pornography.  This argument
16 also fails, and trial counsel was not ineffective for failing to present an unmeritorious argument
17 to the court.  *See James*, 24 F.3d at 27.

18     *D. The "Lie" Claim*

19     Petitioner's final claim for relief is somewhat unclear.  It is styled as "Ground Four:
20 Detective Lied." (ECF No. 94 at 8).  It contains two separate allegations, however.  First, that
21 petitioner confessed to the crime only because "Detective Miller promise [sic] me not to arrest
22 me if I told him what he wanted to hear, so [Detective Miller] lied." (*Id.*)  Second, that petitioner
23 himself lied in his confession because he "was under the influence," and he "wanted to go home
24 and fix the windows the cops had broken looking for evidence that they did not find."  (*Id.*)
25 Because of the unclear nature of the claim, the court will address both allegations.

26     To the second allegation, that petitioner's confession was involuntary because he was
27 under the influence of drugs, the Ninth Circuit has addressed and squarely rejected this argument
28 on appeal.  *See* (ECF No. 85 at 2).  Counsel made this argument at trial, petitioner had an

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    opportunity to litigate it on direct appeal, and this court will not countenance petitioner's attempt

2    to have another bite at the apple. *See* (ECF No. 82 at 55–58) (questioning Detective Miller on

3    cross-examination about the extent of petitioner's supposed inebriation due to marijuana and

4    methamphetamine use); *Hayes*, 231 F.3d at 1139 (rejecting claims in a § 2255 motion that were

5    litigated on direct appeal).

6            To the first allegation, the fact that a detective lied during an interrogation does not

7    necessarily render information from that interrogation inadmissible. *See Frazier v. Cupp*, 394

8    U.S. 731, 739 (1969). So long as a confession is voluntary, it is admissible even if it is the result

9    of deceptive interrogation tactics. *Hutto v. Ross*, 429 U.S. 28, 30 (1976) (per curiam). When, for

10   example, officers "intended to convey the impression that anything said by the defendant would

11   not be used against him for any purposes," a confession proffered due to those statements would

12   be inadmissibly coerced. *Henry v. Kernan*, 197 F.3d 1021, 1027–28 (9th Cir. 1999).

13          Petitioner presented essentially this argument at trial, and the court did not find it

14   persuasive. (ECF No. 82 at 59–60). Petitioner's confession was not coerced because Detective

15   Miller did not promise petitioner he would never be arrested nor that the confession "would not

16   be used against him for any purpose." *See Henry*, 197 F.3d at 1027–28. Again, a § 2255 motion

17   is not a vehicle through which petitioner may present the same challenge to his sentence in hopes

18   of a different result. *Johnson*, 988 F.2d at 945. Petitioner's fourth claim, in either of its two

19   ambiguous constructions, fails. Counsel has raised these arguments and is thus not ineffective.

20          *E.  Certificate of Appealability*

21          The controlling statute in determining whether to issue a certificate of appealability is 28

22   U.S.C. § 2253, which provides in pertinent part as follows:

23                  (a) In a habeas corpus proceeding or a proceeding under section
                    2255 before a district judge, the final order shall be subject to
24                  review, on appeal, by the court of appeals for the circuit in which
                    the proceeding is held.
25
                    . . .
26
                    (c)
27
                    (1) Unless a circuit justice or judge issues a certificate of
28                  appealability, an appeal may not be taken to the court of appeals
                    from—

James C. Mahan
U.S. District Judge

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Slack*, 529 U.S. 484.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 94) be, and the same hereby is, DENIED.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 9 -

1        The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion

2  in the matter of *Davila v. United States*, case number 2:21-cv-01431-JCM, and close that case.

3        DATED December 2, 2022.

4

5        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 10 -